Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MILAN SAI JOINT VENTURE, LLC | § | CASE NO. 24-33560-mvl |
| | § | |
| Debtor. | § | Chapter 11 |

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Milan Sai Joint Venture, LLC, debtor in the above titled and numbered case ("Debtor"), and files this its Response to the Motion for Relief from the Automatic Stay (the "Motion") filed by Gregory S. Milligan as receiver ("Receiver") for Pride of Austin High Yield Fund I, LLC ("POA") (Dkt. No. 24), and in support thereof would respectfully show:

**I.    ADMISSIONS AND DENIALS**

1.    The Debtor admits paragraph 1 of the Motion.

2.    The Debtor admits paragraph 2 of the Motion.

3.    The Debtor admits paragraph 3 of the Motion.

4.    The Debtor has insufficient information to admit or deny paragraph 4 of the Motion, except that the Debtor admits the Property[1] was posted for a November 5 foreclosure sale, and that the Debtor filed this case in part to prevent the foreclosure sale and provide it with a "breathing

---

[1] Capitalized terms shall have the meanings assigned to them in the Motion unless otherwise defined herein.

RESPONSE TO MOTION FOR RELIEF FROM STAY
PAGE 1

spell" in which to reorganize under Chapter 11. The Debtor has insufficient information to admit or deny the remainder of paragraph 4.

    5.    The Debtor denies paragraph 5 of the Motion.

    6.    The Debtor has insufficient information to admit or deny paragraph 6 of the Motion.

    7.    The Debtor admits paragraph 7 of the Motion.

    8.    The Debtor has insufficient information to admit or deny paragraph 8 of the Motion.

    9.    The Debtor has insufficient information to admit or deny paragraph 9 of the Motion.

    10.    The Debtor has insufficient information to admit or deny paragraph 10 of the Motion.

    11.    The Debtor has insufficient information to admit or deny paragraph 11 of the Motion.

    12.    The Debtor has insufficient information to admit or deny paragraph 12 of the Motion.

    13.    The Debtor has insufficient information to admit or deny paragraph 13 of the Motion.

    14.    The Debtor has insufficient information to admit or deny paragraph 14 of the Motion.

    15.    The Debtor has insufficient information to admit or deny paragraph 15 of the Motion.

    16.    The Debtor has insufficient information to admit or deny paragraph 16 of the Motion.

17. Regarding paragraph 17 of the Motion, the Debtor admits that it operates a Super 8 Motel in Stanton, Texas, and that the Receiver posted the Property for a November 5 foreclosure sale, but denies that the Motel is its only asset.

18. The Debtor admits paragraph 18 of the Motion.

19. The Debtor admits paragraph 19 of the Motion.

20. The Debtor admits paragraph 20 of the Motion.

21. Paragraph 21 of the Motion is legal argument which the Debtor is not required to admit or deny.

22. Paragraph 22 of the Motion is legal argument which the Debtor is not required to admit or deny.

23. Paragraph 23 of the Motion is legal argument which the Debtor is not required to admit or deny.

24. Paragraph 24 of the Motion is legal argument which the Debtor is not required to admit or deny.

25. Paragraph 25 of the Motion is legal argument which the Debtor is not required to admit or deny.

26. The Debtor denies paragraph 26 of the Motion.

27. Paragraph 27 of the Motion is legal argument which the Debtor is not required to admit or deny.

28. Regarding paragraph 28 of the Motion, the Debtor admits the contents of its Creditor List, which speaks for itself.

29. Paragraph 29 of the Motion is legal argument which the Debtor is not required to admit or deny.

30. Paragraph 30 of the Motion is legal argument which the Debtor is not required to admit or deny.

31. The Debtor denies paragraph 31 of the Motion.

32. The Debtor denies the first sentence of paragraph 32 of the Motion. The remainder of the paragraph is legal argument which the Debtor is not required to admit or deny.

33. The Debtor denies the first sentence of paragraph 33 of the Motion. The remainder of the paragraph is legal argument which the Debtor is not required to admit or deny.

34. Paragraph 34-37 of the Motion is legal argument which the Debtor is not required to admit or deny.

35. **No cause exists to lift the stay because the Debtor did not file this case in bad faith.** The Receiver argues that the Debtor filed this case in bad faith because it filed its petition to halt a foreclosure sale. However, this does not constitute bad faith or "cause" under 11 U.S.C. Section 362(d)(1) for relief from stay. Avoidance of foreclosure is a legitimate reason to file a Chapter 11 case[2], especially when there is a legitimate chance of an effective reorganization, as discussed below.

36. **The Property is necessary for an effective reorganization.** The Property is an operating hotel with a positive cash flow. It is the Debtor's primary source of income, and will

---

[2] *In re Omni Lion's Run, L.P.*, 578 B.R. 394, 398-99 (Bankr. W.D. Tex. 2017 ("Filing for bankruptcy just prior to foreclosure is a factor when assessing bad faith, but is not dispositive. While these are single asset real estate cases, these are not cases where the Debtors seek to delay bankruptcy proceedings or have come to a standstill with the Lenders in state court. This is not merely a two-party dispute. Cf. *In re Anderson Oaks (Phase I) Ltd. P'ship*, 77 B.R. 108, 112 (Bankr. W.D. Tex. 1987). These are not cases where the Debtors lack a source of income to effect the reorganization or make adequate protection payments. There is no compelling evidence that the Debtors are acting in an obstructive manner. The financial realities of the cases do not indicate that the Debtors are attempting to take unfair advantage of the breathing room the automatic stay provides, but rather are pouring money into the properties and preparing plans. There is hope for rehabilitation; this is not terminal euphoria. The Little Creek indicia of bad faith are not present in these cases. The Court finds that the Debtors filed in good faith and have continued to conduct the cases appropriately post-petition.")

form the basis of a plan of reorganization which the Debtor will file within the time required by Subchapter V of Chapter 11. An effective reorganization can and will be achieved in this case.

37.     **The Debtor can adequately protect the Receiver's interest in the Property.** In order to protect against any diminution in the value of the Property during this case the Debtor offers to pay adequate protection from its operating cash flow to the Receiver, and to operate according to the interim cash collateral order approved by the Court on November 14, 2024.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the Court to enter an order denying the Motion and granting such further relief as may be just.

Dated: November 22, 2024.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: 972-503-4033
Facsimile: 972-503-4034
Email: joyce@joycelindauer.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 22, 2024, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer