Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MILAN SAI JOINT VENTURE, LLC | § | CASE NO. 24-33560-mvl |
| | § | |
| Debtor. | § | CHAPTER 11 |

**DECLARATION OF SUNIL KUMAR PATEL IN SUPPORT OF**
**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**

1. My name is Sunil Kumar Patel. I am over the age of 18 years, of sound mind, and am competent and otherwise qualified to make this Affidavit. I have personal knowledge of the matters stated herein and they are all true and correct to the best of my knowledge.

2. I am the managing member of Milan Sai Joint Venture, LLC, debtor in the above titled and numbered case ("Debtor"). I am an authorized representative of the Debtor. This Declaration is made in support of the Debtor's *Response* to the *Motion for Relief from Stay* filed by Gregory S. Milligan as receiver ("Receiver") for Pride of Austin High Yield Fund I, LLC ("POA") (Dkt. No. 24, the "Motion").

3. Contrary to the Motion, the Debtor did not file this case solely to halt the foreclosure sale scheduled by the Receiver. Although the pending sale was a factor, the primary reason the case was filed was to provide the Debtor with a "breathing spell" in which to reorganize under Chapter 11.

Declaration of Sunil Kumar Patel in Support of
Debtor's Response to Motion for Relief from Stay
Page 1

4. The Debtor's real property and improvements (the "Property") are operated by the Debtor as an income-producing venture that produces a positive operating cash flow. The Property will form the basis of an effective plan of reorganization which the Debtor will file within 90 days after commencement of this case. If necessary, the owners of the Debtor may contribute new capital to the Debtor to support the plan.

5. The Debtor will continue to operate according to the budget approved by the Court on November 14, 2024, and commencing on January 1, 2025, will pay the Receiver the contractual non-default rate of interest of 7.5% per annum, or $13,500.00 per month, from its operating cash flow to protect against any diminution in the value of the Property during this case.

6. The Debtor disputes the amounts being claimed as due and owing by the Receiver and in particular the "default interest" which allegedly dates back more than 4 years before the filing of the bankruptcy case.

7. The Debtor also challenges whether the Receiver holds the loan documents against the Debtor and whether all notices of default were provided to the Debtor as required by the loan documents. The Debtor has served discovery on the Receiver to obtain all his documents under the belief that the Receiver does not actually hold the loan.

8. The maturity date of the Loan expired more than 4 years before the filing of this case making the Loan potentially unsecured and the Deed of Trust unenforceable. Based on these facts there is no reason to lift the stay.

9. I declare under penalty of perjury that the statements contained herein and in the Debtor's Objection are within my personal knowledge and are true and correct.

Executed this  5th  day of December, 2024.

_____
Sunil Kumar Patel

Declaration of Sunil Kumar Patel in Support of
Debtor's Response to Motion for Relief from Stay
Page 2