Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1079

Meredyth A. Kippes
for the United States Trustee
meredyth.kippes@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Milan Sai Joint Venture, LLC,** | § | **Case No. 24-33560-MVL-11** |
| | § | |
| **Debtor-in-Possession.** | § | **Chapter 11** |
| | § | |
| | § | **Hearing Date:  April 2, 2026** |
| | § | **Hearing Time:  9:30 a.m.** |

<u>**United States Trustee's Unopposed Motion to Dismiss under 11 U.S.C. §1112(b)**</u>

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. §1112(b) (the "Motion").  The United States Trustee would show:

<u>**Summary**</u>

Cause exists to dismiss this case because the automatic stay has lifted as to Milan Sai Joint Venture, LLC's (the "Debtor") principal asset, a Wyndham/Super 8 branded hotel in Stanton, Texas (the "Motel"), such that the Debtor cannot reorganize.  Neither the Debtor, nor its secured lender, Gregory S. Milligan, Receiver for Pride of Austin High Yield Fund I, LLC (the "Receiver") oppose dismissal.

## Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference in the Northern District of Texas.  A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## Factual and Procedural History

### Commencement of the Case and Case Events

1.     The Debtor filed a voluntary petition (Docket Entry No. 1) under Subchapter V of chapter 11 on November 4, 2024, commencing this bankruptcy case.

2.     The Debtor's principal asset is the Motel, which serves primarily oil field workers.

3.     The Subchapter V Trustee, Mark Weisbart, was appointed on November 7, 2024 (Docket Entry No. 9).

4.     On November 13, 2024 the Receiver filed a motion for relief from the automatic stay (the "Lift Stay Motion," Docket Entry No. 24) as to the Motel.  The Lift Stay Motion was resolved by entry of the Agreed Order Granting Motion of Gregory S. Milligan, Receiver for Pride of Austin High Yield Fund I, LLC, from Relief from the Automatic Stay (the "Lift Stay Order," Docket Entry No. 70) on January 15, 2025.

5.     The Lift Stay Order included the following events of default:


**[This space left blank intentionally.]**

a.   Failure of the Debtor to pay outstanding property taxes due to the Martin County Appraisal District on or before January 31, 2025;

b.   Failure of the Debtor to amend its Voluntary Chapter 11 Petition to remove the Subchapter V designation and proceed as a traditional chapter 11 debtor on or before January 14, 2025;

c.   Failure of the Debtor to confirm a chapter 11 plan of reorganization on or before April 30, 2025; or

d.   Failure of the Debtor to make the following monthly adequate protection payments to the Receiver:

  a.   $15,287.67 on or before January 20, 2025;

  b.   $15,287.67 on or before February 20, 2025;

  c.   $15,287.67 on or before March 20, 2025; and

  d.   $15,287.67 on or before April 20, 2025.

6.   The Lift Stay Order further provided that "[i]f an Event of Default shall exist, the Receiver may send a notice to the Debtor describing the default (the "Notice of Default"). If the default is not cured within three days of receipt of the Notice of Default by the Debtor, then the automatic Stay of 11 U.S.C. § 362 shall lift (with no further action being required by the Receiver, and the Receiver may proceed with state law remedies against the Debtor. If the stay lifts, the Receiver shall file a notice on the docket."

7.   On February 21, 2025, the Receiver filed a Notice of Default (the "First Notice of Default," Docket Entry No. 85) stating as follows:

> As you know I represent Gregory S. Milligan as court-appointed receiver for Pride of Austin Hight Yield Fund I, LLC (the "Receiver"). On January 15, 2025, the Court entered the Order. Pursuant to the Order, Milan Sai Joint Venture, LLC (the "Debtor") was required to pay the Receiver $15,287.67 on or before February 20, 2025. The Debtor did not make such payment, which constitutes an Event of Default under the terms of the Order. Pursuant to the terms of the Order, if the Debtor does not make payment to the Receiver of $15,287.67 within three (3) days of receipt of this Notice, the "automatic stay of 11 U.S.C. § 362 shall lift (with no further action being required by the Receiver), and the Receiver may proceed with state law remedies against the Debtor."

8.    The third day after the date of the First Notice of Default is February 24, 2025.

9.    Upon information and belief, the Debtor cured the default on February 24, 2025.

10.   On April 22, 2025, the Debtor filed a motion to approve bid procedures to sell the Motel (the "Bid Procedures Motion," Docket Entry No. 134).

11.   On April 29, 2025, the Debtor filed a motion to approve a compromise and settlement between the Debtor and the Receiver (the "9019 Motion," Docket Entry No. 136).

12.   On June 26, 2025, the Court entered an order approving the 9019 Motion (the "9019 Order," Docket No. 146).  The settlement approved by the 9019 Order contained various events of default, the occurrence of which would permit the Receiver to enter an agreed judgment against the guarantors in the case styled *Gregory S. Milligan, in his capacity as Receiver for Pride of Austin High Yield Fund I, LLC v. Sunil Patel and Vishal Makwana*, Cause No. D-1-GN25-000980 in the 201st Judicial District Court, Travis County, Texas (the "State Court Action").

13.   The Court entered an order granting the Bid Procedures Motion (Docket Entry No. 150) on June 30, 2025 and an amended order granting the Bid Procedures Motion (the "Bid Procedures Order," Docket Entry No. 154) on July 14, 2025.

14.   The Debtor filed a motion to sell (the "Sale Motion," Docket Entry No. 186) the Motel on November 26, 2025.

15.   The Court entered an order approving the Sale Motion on December 29, 2025 (the "Sale Order," Docket Entry No. 197).

16.   On February 9, 2026, the Receiver filed a notice of default under the Lift Stay Order (the "Second Notice of Default," Docket Entry No. 206) because the Debtor had failed to confirm a plan of reorganization on or before April 30, 2025 such that the automatic stay terminated.

17.     On February 17, 2026, counsel for the United States Trustee conferred with counsel for the Debtor, Joyce Lindauer, who represented that the Debtor does not oppose dismissal.  Also on February 17, 2026, counsel for the United States Trustee conferred with counsel for the Receiver, Trip Nix, who represented that the Receiver does not oppose dismissal.

## Legal Analysis

### General discussion of burdens when dismissal or conversion is sought:

18.     Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .." 11 U.S.C. § 1112(b)(1).  Under § 1112(c), the court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established.  *Id.* § 1112(c).

19.     Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010).  If cause is established, the burden shifts to the debtor to prove that he or she falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion.

20.     "Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of reorganization" is grounds to dismiss under 1112(b)(4)(A).  The automatic stay has lifted as to the Motel in accordance with the Lift Stay Order, such that the Debtor will likely lose its principal asset, the Motel, that it operates. Losing the Motel will make a reorganization under chapter 11 unlikely if not impossible.  The case should be dismissed under

1112(b)(4)(A).

## **Conclusion**

For these reasons, the United States Trustee respectfully requests that the Court enter an

order (i) dismissing this case and (ii) granting such other and further relief to which she may be

entitled.

Dated: February 26, 2026.

Respectfully Submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes
Trial Attorney
Texas State Bar No. 24007882
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas 75242
meredyth.kippes@usdoj.gov
(214) 767-1079

## **Certificate of Conference**

Under Local Bankruptcy Rule 9013.1 and Local District Rule 7.1, no conference is required
for this motion.  However, on February 17, 2026, the undersigned counsel conferred with counsel
for the Debtor, Joyce Lindauer, who represented that the Debtor does not oppose dismissal, and
counsel for the Receiver, Trip Nix, who represented that the Receiver does not oppose dismissal.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

**Certificate of Service**

I certify that I sent copies of this motion on February 26, 2026 via ECF to those parties requesting ECF notice and to the parties listed below via First Class United States Mail and to the parties on the attached mailing list vial First Class United States Mail.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

Milan Sai Joint Venture, LLC
2114 Hogan Drive
Irving, TX 75038

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202

William Riley Nix, III
Kane Russell Coleman Logan PC
401 Congress Avenue, Suite 2100
Austin, TX 78701

Laura Jane Monroe
Perdue, Brandon, Fielder, Collins & Mott
P.O. Box 817
Lubbock, TX 79408

David S. Catuogno
Daniel M. Eliades
K&L Gates LLP
One Newark Center
10th Floor
1085 Raymond Boulevard
Newark, NJ 07102

Edward Jason Dennis
Carl S. Plotkin
Lynn, Tillotson, Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201

Mark A Weisbart (SBRA V)
Subchapter V Trustee
10501 N Central Expy Suite 106
Dallas, TX 75231-2203